UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN GORDON, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-396-SDD-RLB |
| AIR LIQUIDE-BIG THREE INC., ET AL. | CONSOLIDATED CASES |
| | Document pertains to:<br>No. 13-356-SDD-RLB<br>No. 13-358-SDD-RLB |

## ORDER

Before the court is Defendants' Motion to Dismiss or Alternative Motion to Compel Discovery. (R. Doc. 55). Air Liquide America Specialty Gases, LLC, and Air Liquide America LP (collectively, the "Defendants") move under Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37(d)(1)(A)(ii) to dismiss the claims of individual plaintiffs listed below who have failed to respond to the Defendants' discovery requests. In the alternative, the Defendants move under Fed. R. Civ. P. 37(a)(3)(B) to compel the individual plaintiffs listed below to respond to its outstanding discovery requests. The court construes the motion as a motion to compel discovery responses with the requested sanction of dismissal. Because the time for filing an opposition has expired, the court will deem the motion unopposed. LR 7.4.

These consolidated cases arise out of an incident on May 21, 2012 at the Defendants' industrial facility in Port Allen, Louisiana. Several actions were filed in state court, removed to this court, and subsequently consolidated. The two cases subject to this order (*Fernandez v. Air Liquide-Big Three Inc.*, 3:13-cv-356, and *Payne v. Air Liquide-Big Three Inc.*, 3:13-cv-358) were

removed to this court on June 4, 2013.[1] The individual plaintiffs who are the subject to the instant motion are as follows:

### *Fernandez v. Air Liquide-Big Three Inc.*, **13-cv-356-SDD-RLB**

Fernandez, James Patrick
Fernandez, Ji'Semaj
Fernandez, Raven Franklin

### *Payne v. Air Liquide-Big Three Inc.*, **13-cv-358-SDD-RLB**

Auzenne, Elouise
Banks, Larry
Breaux, Ja'Nyria
Brown, Engrah
Cooley, Tyler
Dominique, Damien
Durning, Carla
Gray, Emell
Green, Donald
Gremillion, Sydney
Honore, D'Auntre
Honore, Rosalind
Hutchinson, Charles
Johnson, Aletha
Johnson, Robert
Lawrence, Claudia
LeBeau, Thester
Lockett, Deron
Lockett, Jill
Marcelin, Kernell
Ross, Charles
Ruinard, Irma
Scott, Florence
Scott, Kimberly
Scott, Michaela
Shy, Shirley W.
Toussaint, Patrick
Tunson, Glenda
Williams, Jennifer
Williams, Raymond
Willis, John T.
Wilson, Dmarion
Wilson, Willie, Jr.

---

[1] The same counsel represents the plaintiffs in the following consolidated actions: 12-cv-396, 13-cv-356, and 13-cv-358.

According to the Defendants, none of these individual plaintiffs have provided any discovery responses to date. (R. Doc. 55-1 at 2).

On December 11, 2013, the court held a status conference in which plaintiffs' counsel informed the court that he could not provide discovery responses for certain plaintiffs who could not be located, are deceased, are plaintiffs in other actions, or have refused to provide information. (R. Doc. 35 at 2). The court ordered plaintiffs' counsel to file a document providing an overview of the reasons why those plaintiffs have not responded to discovery so that the parties would be able to determine the proper way to proceed regarding the disposition of those plaintiffs' claims. (*Id.*)

On February 27, 2014, plaintiffs' counsel filed a document listing various individual plaintiffs who have not responded to discovery and the reasons for their failure to respond to discovery. (R. Doc. 46). The court held a status conference that same day and instructed plaintiffs' counsel to provide an updated amendment to R. Doc. 46 in light of the discussions during the status conference.

On March 6, 2014, plaintiffs' counsel filed an amended overview of the reasons for outstanding discovery for certain individual plaintiffs. (R. Doc. 52). The court has compared the names of the individual plaintiffs listed on the Defendants' motion to compel and the names of the individual plaintiffs who have not provided discovery as categorized by plaintiffs' counsel in R. Doc. 52.

Plaintiffs' counsel represents that discovery responses for the following individual plaintiffs (along with 13 other individual plaintiffs) were mailed via U.S. Postal Service, postage prepaid and properly addressed to the Defendants on February 27, 2014:

Gray, Emell[2]
Marcelin, Kernell
Willis, John T.[3]

Defendants claim, however, that they have not received any discovery responses from these individuals.

Plaintiffs' counsel represent that the following individual plaintiffs are listed on a petition filed by counsel in another matter not consolidated with these cases (*Fields v. Air Liquide Specialty Gases, L.L.C.*, No. 1040432, 18th Judicial District Court, West Baton Rouge Parish, Louisiana) in which all the plaintiffs settled their claims:

Honore, D'Auntre
Honore, Rosalind
Tunson, Glenda

Defendants state that they have been unable to confirm that Honore D'Auntre, Rosalind Honore, and Glenda Tunson[4] were plaintiffs in the *Fields* litigation.

Plaintiffs' counsel represent that the following individual plaintiff is listed on a petition filed by counsel in another matter consolidated with these cases:

LeBeau, Thester[5]

Plaintiffs' counsel represent that they have been unable to locate the following individual plaintiffs or have otherwise mailed discovery to the individual plaintiffs and have received no response:

---

[2] Plaintiffs' counsel represent that Emell Gray is deceased. It appears that Plaintiffs' counsel are representing that his wife, Fern Gray, has submitted discovery responses on his behalf.
[3] Defense counsel acknowledge that they have received a discovery response from a John Willis, Jr. but not from John Willis, Sr.
[4] Defense counsel acknowledge that an individual named Glenda Carter, who has the same address as Frederick Tunson, did settle in the *Fields* action. Defendants state, however, that they have been unable to confirm that Glenda Carter is the same individual as Glenda Tunson.
[5] Plaintiffs' counsel claims this plaintiff is represented by counsel for plaintiffs in 13-cv-355 and 13-cv-808. The court has reviewed the operative pleadings in those matters and has not found Thester LeBeau as a named plaintiff. The individuals Reynald T. Lebeau and Irma LeBeau are plaintiffs in 13-cv-355. It is unclear to the court whether Thester LeBeau is one of those two individuals.

    Cooley, Tyler
    Durning, Carla
    Green, Donald
    Johnson, Aletha
    Johnson, Robert
    Lawrence, Claudia
    Lockett, Deron
    Lockett, Jill
    Ross, Charles
    Shy, Shirley W
    Toussaint, Patrick
    Williams, Jennifer
    Williams, Raymond
    Wilson, Dmarion
    Wilson, Willie, Jr.

Plaintiffs' counsel represent that the following individual plaintiffs have refused to respond to Defendants' discovery requests:

    Scott, Florence
    Scott, Kimberly
    Scott, Michaela

Plaintiffs' counsel did not list the following individual plaintiffs in R. Doc. 52 or otherwise provide any reason for why these plaintiffs have not responded to the Defendants' discovery requests:

    Fernandez, James Patrick
    Fernandez, Ji'Semaj
    Fernandez, Raven Franklin
    Auzenne, Elouise
    Banks, Larry
    Breaux, Ja'Nyria
    Brown, Engrah
    Dominique, Damien
    Gremillion, Sydney
    Hutchinson, Charles
    Ruinard, Irma

On March 14, 2014, the court held another status conference to discuss pending discovery issues. (R. Doc. 53). The court advised defense counsel and plaintiffs' counsel to work out, to the extent possible, any remaining issues regarding outstanding discovery responses.

(R. Doc. 53 at 2). Defendants represent that, through defense counsel, they have attempted in good faith to work with plaintiffs' counsel to obtain responses to the outstanding discovery requests from the individual plaintiffs identified in the motion to compel. (R. Doc. 55-1 at 4). As of March 25, 2014, these plaintiffs still have not provided responses to outstanding discovery requests served in September 2013.

Rule 16(c) of the Federal Rules of Civil Procedure requires represented parties to authorize at least one of their attorneys "to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference." Fed. R. Civ. P. 16(c)(1). Rule 16(c)(2) provides for a comprehensive list of matters that may be considered at a pretrial conference, including: formulating and simplifying the issues; eliminating frivolous claims or defenses; amending the pleadings if necessary or desirable; obtaining admissions and stipulations about facts and documents; ruling on the admissibility and scope evidence; controlling and scheduling discovery; settling the case; disposing of pending motions; and adopting special procedures for managing potentially difficult or protracted actions. *See* Fed. R. Civ. P. 16(c)(2).

Rule 16(f) of the Federal Rules of Civil Procedure provides the court with authority to impose sanctions on motion of a party or on its own for failure to obey scheduling orders and other pretrial orders. Where a party or attorney fails to obey a scheduling order, the court has discretion to issue "any just orders" including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. P. 16(f)(1).

Defendants served their First Set of Interrogatories and Requests for Production of Documents on the plaintiffs in September 2013.[6] Defense counsel has attempted to obtain

---

[6] Defendants have attached as Exhibits 1 to 36 to their Motion to Compel the First Set of Interrogatories and Requests for Production of Documents served on the individual plaintiffs. (R. Docs. 55-2 through 55-37).

discovery responses from the plaintiffs identified in their motion to compel from plaintiffs' counsel. Plaintiffs' counsel has represented that many of these individual plaintiffs have refused to cooperate with them in responding to discovery, or have otherwise ceased effective communication with them. Defense counsel has attempted to obtain responses to their discovery without filing a motion to compel.

The individual plaintiffs listed below have failed to comply with this court's scheduling orders or respond to discovery. The court finds, however, that the sanction of dismissal is unwarranted at this time. The court will, therefore, limit its order to requiring each individual plaintiff listed below[7] to respond to the Defendants' discovery requests no later than 14 days from the date of this Order.

**IT IS ORDERED** that Defendants' Motion to Dismiss or Alternative Motion to Compel Discovery (R. Doc. 55) is **GRANTED in part and DENIED in part**. James Patrick Fernandez, Ji'Semaj Fernandez, Raven Franklin Fernandez, Elouise Auzenne, Larry Banks, Ja'Nyria Breaux, Engrah Brown, Tyler Cooley, Damien Dominique, Carla Durning, Emell Gray, Donald Green, Sydney Gremillion, D'Auntre Honore, Rosalind Honore, Charles Hutchinson, Aletha Johnson, Robert Johnson, Claudia Lawrence, Thester LeBeau, Deron Lockett, Jill Lockett, Kernell Marcelin, Charles Ross, Irma Ruinard, Florence Scott, Kimberly Scott, Michaela Scott, Shirley W. Shy, Patrick Toussaint, Glenda Tunson, Jennifer Williams, Raymond Williams, John T. Willis, Dmarion Wilson, and Willie Wilson, Jr., must respond to Defendants' First Set of Interrogatories and Requests for Production of Documents no later than May 14, 2014.

---

[7] Plaintiffs' counsel have represented that three of the individual plaintiffs listed below—Emell Gray, Kernell Marcelin, and John T. Willis—responded to the Defendants' discovery requests. As these plaintiffs have not opposed the instant motion to compel, Plaintiff's counsel must resubmit their discovery responses to the Defendants.

Should Defendants not receive responses by the above deadline, Defendants may remove for sanctions at that time. Plaintiffs are advised that failure to comply with this Order may result in additional sanctions up to and including dismissal.

Signed in Baton Rouge, Louisiana, on April 30, 2014.

───────────────────────────────
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**